Edward S. Conway, J.
This is a proceeding pursuant to CPLR article 78 whereby the petitioners seek an order that respondents pay to them certain stated sums of money, plus appropriate interest owing to them by virtue of the retroactive increase in Medicaid rates.
Petitioners have rendered and continue to render skilled nursing and/or health-related care in ah institutional environment to sick and elderly patients eligible for Medicaid benefits *673 under eligibility standards established by the Federal Government and the State of New York. Petitioners have been and are now being compensated at rates certified by the Commissioner of Health to the Director of the Budget pursuant to article 28 of the New York State Public Health Law. Pursuant to section 11 of chapter 76 of the Laws of 1976, the State Legislature enacted a new paragraph (e) of subdivision 2 of section 2807 of the Public Health Law which directed the Commissioner of Health to establish new reimbursement rates for all residential health care facilities (including petitioners) for the period January 1, 1976 through March 31, 1977. Petitioners’ rates, when published by the Commissioner of Health pursuant to paragraph (e) of subdivision 2 of section 2807 of the Public Health Law on October 22, 1976, were to be made retroactive to January 1, 1976. Each of the respective petitioners received increases for the period January 1, 1976, through October 31, 1976 and now bring this proceeding to collect said increases from the respondents.
Respondents contend that they should compute the amounts due petitioners and that petitioners should accept the figures set forth in the computation of Thomas Finnen, Health Care Fiscal Analyst for respondent Whalen. Further, they contend that the case of Matter of Kaye v Whalen (56 AD2d 111 [which was a proceeding brought on behalf of all licensed nursing home operators within the State]) challenging the validity of chapter 76 of the Laws of 1976, is presently being appealed to the Court of Appeals and that said appeal will be argued soon and should be dispositive of the validity of the rates, and that an order has been obtained from the Appellate Division staying respondents from acting to retroactively reduce petitioners/respondents Medicaid reimbursement rates, and that to allow implementation of that part of chapter 76 of the Laws of 1976 only as it applies to upward rate adjustment would cause severe economic distress to the State of New York.
This court cannot agree with the contentions of respondents. Petitioners herein have consented to accept the amounts due them computed by respondent’s analyst, Thomas Finnen. The stay in Matter of Kaye v Whalen (supra) does not affect these petitioners. There is no stay in effect of payment for the amounts due them as computed by the respondent Whalen and required to be paid by respondent Commissioner of Social Services. The only stay in existence is with respect to *674 any Medicaid reimbursement payments to any facilities for the period in question, which decreased the amounts due pursuant to the commissioner’s regulation and the computations of the respondents. In each instance, each of the petitioners herein are entitled to increases for the period January 1, 1976 through October 31, 1976, and would be so entitled regardless of the outcome of the appeal in the Court of Appeals.
The petition is granted and the respondents are ordered to pay the amounts due each petitioner pursuant to the computations of Thomas Finnen.